1  Peter E. Garrell, Esq. (SBN: 155177)
      pgarrell@linerlaw.com
2  Enid M. Colson, Esq. (SBN: 189912)
      ecolson@linerlaw.com
3  LINER GRODE STEIN YANKELEVITZ
   SUNSHINE REGENSTREIF & TAYLOR LLP
4  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
5  Telephone:  (310) 500-3500
   Facsimile:  (310) 500-3501
6
   Attorneys for Plaintiff
7  NINN WORX SR, INC., a Delaware corporation

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **NORTHERN DIVISION**

11 In re                              )
                                      )
12 FRANCES MICHAEL FITZGERALD,        )   Case No. 9:09-bk-12110-RR
                                      )
13        Debtor.                     )   Chapter 7
                                      )
14 _____    )
                                      )
   NINN WORX SR, INC., a Delaware corporation, )  Adv. No.
15                                    )
         Plaintiff,                   )   Honorable Robin L. Riblet
16                                    )
         vs.                          )   **COMPLAINT FOR:**
17                                    )
   FRANCES MICHAEL FITZGERALD f/k/a   )   **1. BREACH OF FIDUCIARY DUTY;**
18 MICHAEL NINN,                      )   **2. TORTIOUS INTERFERENCE WITH**
                                      )   **PROSPECTIVE ECONOMIC**
19       Defendant.                   )   **ADVANTAGE;**
                                      )   **3. VIOLATION OF CAL. BUS. PROF.**
20                                    )   **CODE § 17200, ET SEQ.;**
                                      )   **4. CORPORATE WASTE;**
21                                    )   **5. DETERMINATION OF**
                                      )   **DISCHARGEABILITY OF DEBT - 11**
22                                    )   **U.S.C. § 523(a)(4);**
                                      )   **6. DETERMINATION OF**
23                                    )   **DISCHARGEABILITY OF DEBT - 11**
                                      )   **U.S.C. § 523(a)(6); AND**
24 _____    )   **7. DECLARATORY RELIEF**

25

26        Plaintiff NINN WORX SR, INC., a Delaware corporation ("NWSR") and a creditor of the

27 debtor FRANCES MICHAEL FITZGERALD ("Fitzgerald" or "Debtor"), for its claims for relief

28 against Fitzgerald alleges as follows:

## JURISDICTION AND VENUE

1.      On or about June 2, 2009 (the "Petition Date") Fitzgerald filed a voluntary petition under chapter 7 of the Bankruptcy Code, bearing case number 09-12110, pending in the United States Bankruptcy Court for the Central District of California before the Honorable Robin L. Riblet.  This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001 and is a core proceeding over which this Court has jurisdiction by virtue of 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(2), (B), (I), and (O).  In the event that this proceeding is deemed non-core, Plaintiff consents to the entry by this Court of final orders or judgments.

2.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a) because this action stems from a case pending in this district under the Bankruptcy Code.

## SUMMARY OF THE CASE

3.      In or about July, 2007, Defendant Fitzgerald sold 100% of his stock in an adult film company called N Worx Media, Inc. to Plaintiff NWSR in exchange for $1,000 and 49% interest in NWSR.  After the sale, NWSR paid off the significant outstanding debts of the prior adult film company which were incurred by Fitzgerald.  NWSR also hired employees recommended by Fitzgerald in order to support the business.  Despite NWSR's significant investment in the company, and advances to Fitzgerald on his shareholder distributions, Fitzgerald disrupted the business of NWSR, refused to maintain reasonable budgetary limitations on the films, and refused to deliver completed projects on time.  Fitzgerald was ultimately relieved of his services and removed from his position as CEO of NWSR.  In retaliation, Fitzgerald subsequently engaged in a public campaign to disrupt the operations of NWSR and to harm it by, among other things, threatening third parties with alleged violations of copyright and other intellectual property laws should they cooperate with NWSR, yet failing and refusing to identify such problems, if any exist.  Fitzgerald has also formed new business entities for the purpose of usurping NWSR'S corporate opportunities and to directly compete with NWSR in the adult film marketplace to the detriment of NWSR and in direct breach of Fitzgerald's duty of loyalty to NWSR.  It is as a result of Fitzgerald's actions and inactions that this lawsuit is filed.

0038613/037/ 441174v04

1

2 **THE PARTIES**

3    4.    At all times relevant hereto, Plaintiff NWSR was and is a Delaware corporation,

4 formed on July 19, 2007, with a principal office for doing business located at 1875 Tandem Way,

5 Norco, California.

6    5.    NWSR is engaged in the business of producing and releasing adult films for sale to

7 the general public.

8    6.    Fitzgerald is an individual who purports to reside and/or do business in San Luis

9 Obispo County, California and is the Debtor in the above-captioned chapter 7 bankruptcy case.

10    7.    Prior to July 20, 2007, Fitzgerald was the sole shareholder of N Worx Media, Inc., a

11 California corporation, engaged in the production of adult films. After July 20, 2007 N Worx

12 Media, Inc. became a wholly owned subsidiary of plaintiff NWSR.

13    8.    Upon information and belief, Fitzgerald directed and produced adult films for and

14 on behalf of N Worx Media, Inc.

15 **FACTS COMMON TO ALL CAUSES OF ACTION**

16    9.    On or about July 20, 2007, Defendant Fitzgerald as sole shareholder of N Worx

17 Media, Inc. sold his stock in said corporation to Plaintiff NWSR. In effectuating said transaction,

18 Fitzgerald together with NWSR executed a certain written Stock Purchase Agreement (the

19 "Agreement"), pursuant to which the terms and conditions of the sale of Fitzgerald's shares in N

20 Worx Media, Inc. to NWSR were memorialized.

21    10.    Pursuant to the terms and conditions of the Agreement, in exchange for selling his

22 shares of N Worx Media, Inc. to NWSR, Fitzgerald was paid $1,000.00 and was issued 490 shares

23 of stock in NWSR, giving Fitzgerald a forty-nine percent (49%) interest in NWSR (the "NWSR

24 Shares").

25    11.    In addition to the foregoing, and in accordance with the terms and conditions of the

26 Agreement, Fitzgerald was made a director and chief executive officer of NWSR.

27

28

12.    One of the first films undertaken by NWSR after acquiring N Worx Media, Inc. was an adult film entitled The Four (the "Film"), a film set in ancient Greece around the time of the Battle of Thermopylae.

13.    On behalf of NWSR, Fitzgerald was responsible for overseeing the Film, including the casting, directing, filming, budgeting and editing of the Film, and was to ensure that all necessary intellectual property assignments, releases and clearances were obtained, and that the records for the Film were in compliance with 18 U.S.C. § 2257.

14.    At the behest and insistence of Fitzgerald, reasonable budgetary limitations of approximately $200,000 were approved for the Film (the "Budgetary Limitations") which is at the high end of the budgets for similar films in the adult film industry.

15.    Casting and filming of the Film began on or about November 15, 2007.

16.    Prior to shooting the Film, NWSR targeted an initial release date of May, 2008.

17.    Despite Fitzgerald's purported expertise in directing and filming adult films, Fitzgerald failed to exercise reasonable and responsible managerial oversight of the Film, and through mismanagement caused the Film to go significantly over Budgetary Limitations, and to miss its initial targeted release date.

18.    By reason of Fitzgerald's conduct, the actual cost for the Film exceeded the Budgetary Limitations by approximately $300,000; an added expense that NWSR was required to pay.  Fitzgerald never obtained approval for this added expense from NWSR prior to incurring same.

19.    On or about May 30, 2008, after disputes had arisen between Fitzgerald and John L. Gray, Trustee for The John L. Gray Trust (the "Trust") the majority shareholder of NWSR, concerning Fitzgerald's mismanagement of NWSR including his failure to deliver a completed distributable version of the Film on-time and on-budget, Fitzgerald was relieved of his oversight of the Film and removed from his position as CEO of NWSR.

20.    As of the Petition Date, the only interests and/or positions that Fitzgerald had with NWSR are that of director and minority shareholder.

COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

21.   After having responsibility and oversight over the Film taken from him, Fitzgerald embarked on a willfully malicious public campaign to denigrate the reputation of John L. Gray and NWSR, including, inter alia:

  (a)   Upon information and belief, creating websites including www.johnlgray.com and www.imninn.com publishing numerous falsehoods regarding why he was relieved of responsibility for the Film, and attacking the business reputation of both NWSR and John L. Gray; and

  (b)   Upon information and belief, emailing John L. Gray and others, alleging numerous falsehoods regarding the Film, NWSR and John L. Gray.

22.   Soon after being relieved of his oversight and responsibility for the Film, Fitzgerald or those acting on his behalf began sending threatening emails to John L. Gray and others, stating, among other things, that there were intellectual property issues concerning the Film which precluded NWSR from releasing the Film.

23.   In said emails, Fitzgerald admitted that any such intellectual property issues, to the extent they even existed, were caused by him.

24.   Fitzgerald further threatened in said emails that if the Film were distributed to the general public, NWSR and all those who participated in distributing the Film would be liable criminally and civilly for, among other things, copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*

25.   By letter dated August 11, 2008, NWSR'S counsel provided Fitzgerald with a copy of the Film, and asked that he provide a list identifying any and all intellectual property issues therein. A copy of said letter is attached hereto as Exhibit A, and is incorporated herein by reference as though fully set forth at length.

26.   A deadline of August 14, 2008 was given by which Fitzgerald was to comply with NWSR'S request.

27.   Upon information and belief, any intellectual property issues with the Film, to the extent they even exist, are the result of the failures of Fitzgerald to secure the appropriate releases, assignment and/or clearances from the persons or parties owning such intellectual property.

0038613/037/ 441174v04

28.    On or about August 11, 2008, Fitzgerald caused a letter to be released to the press, employees of NWSR, and upon information and belief, various distributors who would be involved in the release of the Film, advising them that they faced possible criminal and civil liability if they participated in the release of the Film.  A copy of said August 11, 2008 letter (the "August Letter"), as posted on www.adultfyi.com, an adult industry news outlet, is attached hereto as Exhibit "B," and is incorporated herein by reference as though fully set forth at length.

29.    Upon information and belief, Fitzgerald has formed a new corporation IMN_Media_Inc. for the purpose of directly competing with NWSR in the adult film marketplace to the detriment of NWSR.

30.    Fitzgerald failed to disclose or schedule his interest in IMN_Media_Inc. in any of his bankruptcy schedules filed in this bankruptcy case.

31.    At the same time that Fitzgerald is engaging in direct competition with NWSR, Fitzgerald has failed and refused to assist NWSR in identifying the alleged intellectual property issues he states are associated with the Film by the deadline imposed by NWSR.

32.    Upon information and belief, the reason for the aforesaid actions of Fitzgerald is that he is dissatisfied with the sale of his shares in N Worx Media, Inc. to NWSR, and is using the alleged intellectual property issues, and his refusal to assist NWSR to resolve said issues, as leverage to renegotiate the aforesaid stock sales transaction, and to further the interests of himself and his new corporation, to the detriment of NWSR.

## THE LOS ANGELES SUPERIOR COURT ACTION

33.    Based on the foregoing conduct of Fitzgerald, and prior to the Petition Date, NWSR filed a civil action against Fitzgerald in the Superior Court for the County of Los Angeles styled as *Ninn Worx SR, Inc., et al. v. Frances Michael Fitzgerald, et al.* bearing case number BC396563 (the "LA Superior Court Action").  NWSR asserted claims against Fitzgerald for Breach of Fiduciary Duty, Tortious Interference with Prospective Business Advantage and Violation of California Business & Professions Code § 17200 *et seq.*

34.    Prior to the Petition Date, Fitzgerald filed counterclaims and third party claims in the LA Superior Court Action (the "Superior Court Action Counterclaims") against NWSR and

COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

1  others alleging claims for Fraud, Negligent Misrepresentation, Breach of Written Contracts, Breach

2  of Oral Contracts, Breach of Implied Covenant of Good Faith and Fair Dealing, Breach of

3  Fiduciary Duty, Conversion, Rescission and Accounting. Fitzgerald failed to disclose or schedule

4  the Superior Court Action Counterclaims in any of his bankruptcy schedules filed in this

5  bankruptcy case.

6       35.   By operation of the automatic stay, the LA Superior Court Action is stayed. The

7  claims asserted by NWSR in the LA Superior Court Action remain pending, but are unliquidated,

8  as of the filing of this Complaint.

9  **THE DEBTOR'S POST-PETITION CONDUCT**

10  <u>SLO ACTION NO. 1 - DEBTOR'S POST-PETITION LAWSUIT</u>

11  <u>BASED ON PREPETITION CLAIMS</u>

12       36.   On or about August 28, 2009, and after the Petition Date, Fitzgerald filed an action

13  against NWSR and various third parties in San Luis Obispo Superior Court styled as *Frances*

14  *Michael Fitzgerald v. John L. Gray et al.* bearing case number CV090504 (the "SLO Action 1")

15  alleging claims for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional

16  Distress and Negligence.

17       37.   Fitzgerald's claims in the SLO Action 1 are based on events which allegedly

18  occurred in 2007 and 2008, and in any event prior to the Petition Date, and are claims which

19  accrued (if at all) prior to the Petition Date. Fitzgerald's claims in the SLO Action 1 essentially are

20  the same allegations as Fitzgerald's Superior Court Action Counterclaims based on alleged

21  prepetition events.

22  <u>SLO ACTION NO. 2 - DEBTOR'S POST-PETITION LAWSUIT</u>

23  <u>BASED ON PREPETITION CLAIMS</u>

24       38.   On or about August 28, 2009, and after the Petition Date, Fitzgerald filed an action

25  against Kathy Vercher, Dena Hernandez and Renetia McDaniel in San Luis Obispo Superior Court

26  styled as *Frances Michael Fitzgerald v. Kathy Vercher et al.* bearing case number CV090505 (the

27  "SLO Action 2") alleging claims for Fraud, Negligent Misrepresentation, Negligence, Conspiracy,

28  Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress.

7       Case No. 9:09-bk-12110-RR
COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

1    39.    Ms. Vercher, Ms. Hernandez and Ms. McDaniel are directly or indirectly affiliated

2    with NWSR and / or NWSR's wholly owned subsidiary, N Worx Media, Inc. and, as such, they

3    have asserted that NWSR is obligated to indemnify them with respect to SLO Action 2.

4    40.    Fitzgerald's claims in the SLO Action 2 are based on events which allegedly

5    occurred in 2007 and 2008, and in any event prior to the Petition Date, and are claims which

6    accrued (if at all) prior to the Petition Date. Fitzgerald's claims in the SLO Action 2 essentially are

7    the same allegations as Fitzgerald's Superior Court Action Counterclaims based on the same

8    alleged prepetition events assert in the LA Superior Court Action. Judgment in favor of Ms.

9    Vercher, Ms. Hernandez and Ms. McDaniel was entered in the LA Superior Court Action on or

10   about January 26, 2009.

11                          DEBTOR'S POST-PETITION THREATS

12   41.    After the filing of his bankruptcy case, Fitzgerald has continued his pattern and

13   practice of threats against NWSR based on alleged prepetition intellectual property infringement

14   issues. By letter dated September 15, 2009 Fitzgerald threatened NWSR, stating, among other

15   things, that various unidentified NWSR "projects" released after May 30, 2008 incorporate

16   intellectual properties allegedly belonging to Fitzgerald (or others) and demanding that NWSR

17   cease the use and distribution of NWSR films or be liable for copyright infringement under the

18   Copyright Act, 17 U.S.C. § 101, *et seq.* A copy of that letter is attached hereto as Exhibit "C," and

19   is incorporated herein by reference as though fully set forth at length.

20   42.    Fitzgerald failed to disclose or schedule (to the extent they exist) his alleged

21   intellectual property / copyright infringement claims in any of his bankruptcy schedules filed in this

22   bankruptcy case.

23   **THE BANKRUPTCY COURT'S APPROVAL OF THE SALE OF THE NSW SHARES**

24   **AND THE SUPERIOR COURT ACTION COUNTERCLAIMS**

25   43.    On September 23, 2009 this Court conducted an auction of the bankruptcy estate's

26   interest in the NWSR Shares and the Superior Court Action Counterclaims. The Court approved

27   the sale of those assets to the Trust for the purchase price of $100,000 in cash and the waiver of the

28   rights of the Trust and NWSR to receive a distribution from the bankruptcy estate.

44. September 25, 2009 is the current deadline for the filing of complaints against Fitzgerald under 11 U.S.C. § 523. Therefore, as of the filing of this Complaint, a final order approving the sale of those assets to the Trust has not yet been entered.

45. By this Complaint, NWSR seeks a determination of the amount of NWSR's claims against Fitzgerald based on the conduct alleged above and further seeks a determination that NWSR's claims against Fitzgerald are nondischargeable under 11 U.S.C. § 523. In the event a final sale order is entered approving the sale of the assets to the Trust, NWSR acknowledges that it will not receive a distribution from the bankruptcy estate but nevertheless seeks a determination regarding the amount of its claim against Fitzgerald and a determination that NWSR's claim is excepted from any discharge of the Debtor under the Bankruptcy Code[1].

**FIRST CAUSE OF ACTION**

(Breach of Fiduciary Duty)

46. Plaintiff NWSR repeats and realleges paragraphs 1 through 45 with the same force and effect as if fully set forth herein.

47. As a director and officer of the NWSR, Defendant Fitzgerald owed NWSR the fiduciary duties of loyalty, good faith and due care in conducting the business affairs of NWSR.

48. Fitzgerald has breached each of said fiduciary duties by: (1) failing to timely cooperate with Plaintiff NWSR in the identification and resolution of any and all intellectual property issues relating to the Film; (2) withholding his cooperation in identifying and resolving any and all intellectual property issues relating to the Film as leverage to renegotiate his agreement to sell his shares in N Worx Media, Inc. to NWSR; (3) establishing a corporation to compete directly with NWSR in the adult film marketplace and usurping NWSR'S business opportunities; (4) harming the business reputation and business opportunities of NWSR by reason of his publication of the August Letter, and various other public statements made to the press and third-

---

[1]   If, for any reason, a final order approving the sale to the Trust is not entered or if, for any reason, the sale to the Trust fails to close, NWSR expressly reserves its rights to receive a distribution from this bankruptcy estate in accordance with the priorities established by 11 U.S.C. § 507.

COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

1   parties that falsely or otherwise suggested that NWSR lacked resources, was insolvent, or was

2   otherwise incapable of engaging in business; (5) wasting of corporate assets through his

3   mismanagement of the Film, thereby costing NWSR approximately $300,000 more than was

4   planned to be spent on the Film, and rendering the Film unusable in its current format by reason of

5   his admitted failure to obtain the necessary releases, assignments and or clearances for third-party

6   intellectual property included in the Film; and/or (6) intentionally raising the specter of intellectual

7   property issues related to the Film to the detriment of NWSR in order to extort a new deal from

8   NWSR and its majority shareholder.

9          49.    Said breaches of fiduciary duties by Fitzgerald have caused harm to NWSR in an

10  amount to be determined at trial, but believed to be in excess of $550,000, plus lawful interest

11  thereon accruing through the Petition Date.

12         50.    In doing the things alleged herein, Fitzgerald acted with oppression, fraud, and/or

13  malice towards NWSR.  NWSR is entitled, therefore, to an award of exemplary and punitive

14  damages in an amount to be determined at trial.

15                            **SECOND CAUSE OF ACTION**

16              **(Tortious Interference with Prospective Economic Advantage)**

17         51.    Plaintiff NWSR repeats and realleges paragraphs 1 through 50 with the same force

18  and effect as if fully set forth herein.

19         52.    As the successor in interest to the business relationships of N Worx Media, Inc.,

20  NWSR had established business relationships with numerous sellers and distributors of adult films.

21         53.    As the sole shareholder of N Worx Media, Inc. and as an officer and director of

22  NWSR, Fitzgerald was aware of, and even established, the business relationships NWSR had with

23  sellers and distributors of adult films.

24         54.    Fitzgerald as the sole shareholder of N Worx Media, Inc., and as an officer and

25  director of NWSR, had knowledge of the distributors and sellers of adult films who were going to

26  be utilized by NWSR in selling and distributing the Film, which in turn would have resulted in

27  economic benefit to NWSR.

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

55.    Fitzgerald intentionally and maliciously undertook to interfere with NWSR'S business relationships by authoring and sending the August Letter and upon information and belief, making other such statements publicly to third parties. By so doing, Fitzgerald has proximately caused harm to NWSR in that one or more of the marketers and distributors who were to market and distribute the Film are now refusing to do so.

56.    By reason of the foregoing, NWSR has been damaged in an amount to be determined at trial, but believed to be in excess of $550,000, together with punitive damages and lawful interest thereon accruing through the Petition Date.

57.    In doing the things alleged herein, Fitzgerald acted with oppression, fraud, and/or malice towards NWSR. NWSR is entitled, therefore, to an award of exemplary and punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200, *et seq.* )

58.    Plaintiff NWSR repeats and realleges paragraphs 1 through 57 with the same force and effect as if fully set forth herein.

59.    By publishing the August Letter, Defendant Fitzgerald did and will continue to mislead the general public that the Film cannot be lawfully distributed and sold. Such intentional publication of the August Letter constitutes an unfair and misleading business practice within the meaning of Business and Professions Code § 17200.

60.    By tortiously interfering with the prospective economic advantage of NWSR, Fitzgerald confers an unfair competitive advantage on himself and his new corporation(s) in their competition against NWSR in the adult film marketplace.

61.    Such unlawful business practices of Fitzgerald are likely to continue and therefore will continue to mislead the public that the product(s) of NWSR cannot be lawfully purchased and/or sold, and present a continuing threat to the public.

62.    As a direct and proximate result of Fitzgerald's conduct, Fitzgerald receives the benefit of the disparagement to the reputation and name of NWSR, and prevents the Film's introduction into the marketplace, thereby diminishing his competition.

COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

1       63.    As a further direct and proximate result of Fitzgerald's conduct, NWSR has suffered

2    actual pecuniary loss by reason of the aforesaid conduct as said conduct has rendered the Film

3    incapable of release to the general public, resulting in the concomitant loss of NWSR'S investment

4    therein.

5       64.    By reason of the foregoing, NWSR is entitled to disgorgement of all moneys paid to

6    Fitzgerald related to the Film, plus lawful interest thereon accruing through the Petition Date, and

7    to preliminary and permanent injunctive relief, enjoining and restraining Fitzgerald from making

8    further public comment about the Film and NWSR, together with its shareholders, officers,

9    directors and employees.

10

**FOURTH CAUSE OF ACTION**

11

**(Waste of Corporate Assets)**

12       65.    Plaintiff NWSR repeats and realleges paragraphs 1 through 64 with the same force

13    and effect as if fully set forth herein.

14       66.    By engaging in the conduct described above, including but not limited to,

15    mismanagement of the Film, costing NWSR approximately $300,000 more than was planned to be

16    spent on the Film, and rendering the Film unusable in its current format by reason of his admitted

17    failure to obtain the necessary releases, assignments and or clearances for third-party intellectual

18    property included in the Film and causing or permitting NWSR to lose cash, valuable assets and

19    valuable business opportunities, and for improper and unnecessary purposes for which no person of

20    ordinary sound business judgment could conclude represented a fair exchange to NWSR, and for

21    decisions regarding expenditures which were so egregious or irrational that such decisions could

22    not have been based on a valid assessment of NWSR'S best interests, Defendant Fitzgerald is

23    obligated to restore NWSR the amount of its assets wasted through his wasteful, self-indulgent and

24    self-serving transactions and decisions.

25       67.    Accordingly, NWSR is entitled to judgment against Fitzgerald in an amount to be

26    determined at trial, but in any event in excess of $300,000, plus lawful interest thereon accruing to

27    the Petition Date.

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

## FIFTH CAUSE OF ACTION

**(Nondischargeability Based Upon Fraud, Defalcation and / or Embezzlement By a Fiduciary –**

**11 U.S.C. § 523(a)(4))**

68.    Plaintiff NWSR repeats and realleges paragraphs 1 through 67 with the same force and effect as if fully set forth herein.

69.    Defendant Fitzgerald was an officer and director of NWSR, a Delaware corporation. As such, Fitzgerald had fiduciary duties with respect to NWSR and its shareholder at all times equal to those of a trustee as a matter of Delaware and federal law within the meaning of 11 U.S.C. § 523(a)(4).

70.    Fitzgerald has misappropriated, embezzled and / or committed defalcation with respect to NWSR assets and NWSR business opportunities based on the conduct described above, including but not limited to, (1) failing to timely cooperate with NWSR in the identification and resolution of any and all intellectual property issues relating to the Film; (2) withholding his cooperation in identifying and resolving any and all intellectual property issues relating to the Film as leverage to renegotiate his agreement to sell his shares in N Worx Media, Inc. to NWSR; (3) establishing a corporation to compete directly with NWSR in the adult film marketplace and usurping NWSR'S business opportunities; (4) harming the business reputation and business opportunities of NWSR by reason of his publication of the August Letter, and various other public statements made to the press and third-parties that falsely or otherwise suggested that NWSR lacked resources, was insolvent, or was otherwise incapable of engaging in business; (5) wasting of corporate assets through his mismanagement of the Film, thereby costing NWSR approximately $300,000 more than was planned to be spent on the Film, and rendering the Film unusable in its current format by reason of his admitted failure to obtain the necessary releases, assignments and or clearances for third-party intellectual property included in the Film; and/or (6) intentionally raising the specter of intellectual property issues related to the Film to the detriment of NWSR in order to extort a new deal from NWSR and its majority shareholder.

COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

71.    In addition to his fiduciary duties to NWSR as a director and officer of a Delaware corporation, an express or technical trust was imposed on the NWSR assets utilized by Fitzgerald to produce the Film expressly requiring Fitzgerald to act as the trustee of those assets.

72.    Fitzgerald has misappropriated, embezzled and / or committed defalcation with respect to the NWSR assets expressly entrusted to his care based on the conduct described above including but not limited to Fitzgerald's wasting of the NWSR assets budgeted for the production of the Film and his mismanagement of the Film, thereby costing NWSR approximately $300,000 more than was planned to be spent on the Film, and rendering the Film unusable in its current format by reason of his admitted failure to obtain the necessary releases, assignments and or clearances for third-party intellectual property included in the Film.

73.    Fitzgerald's conduct with respect to the NWSR assets entrusted to his care was so egregious and irrational as to demonstrate that Fitzgerald fraudulently intended to deprive NWSR of the benefit of its assets and business opportunities.

74.    Fitzgerald's breaches of his fiduciary duty, defalcation, misappropriation and / or embezzlement resulted in a debt owed to NWSR by Fitzgerald in an amount to be determined at trial.

75.    Fitzgerald's debt to NWSR is based on defalcation, misappropriation and / or embezzlement while acting in a fiduciary capacity with respect to NWSR and with respect to NWSR assets and therefore is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(4).

## SIXTH CAUSE OF ACTION

### (Nondischargeability Based Upon Willful and Malicious Injury - 11 U.S.C. § 523(a)(6))

76.    Plaintiff NWSR repeats and realleges paragraphs 1 through 75 with the same force and effect as if fully set forth herein.

77.    Defendant Fitzgerald wrongfully and willfully caused economic injury to NWSR by the intentional conduct described above including but not limited to (1) establishing a corporation to compete directly with NWSR in the adult film marketplace and usurping NWSR'S business opportunities; (2) harming the business reputation and business opportunities of NWSR by reason of his publication of the August Letter, and various other public statements made to the press and

0038613/037/ 441174v04

1  third-parties that falsely or otherwise suggested that NWSR lacked resources, was insolvent, or was

2  otherwise incapable of engaging in business; (3) wasting of corporate assets through his

3  mismanagement of the Film, thereby costing NWSR approximately $300,000 more than was

4  planned to be spent on the Film, and rendering the Film unusable in its current format by reason of

5  his admitted failure to obtain the necessary releases, assignments and or clearances for third-party

6  intellectual property included in the Film; and/or (4) intentionally raising the specter of intellectual

7  property issues related to the Film to the detriment of NWSR in order to extort a new deal from

8  NWSR and its majority shareholder.

9       78.    Fitzgerald's intentional misconduct was done without just cause or excuse.

10      79.    Fitzgerald acted with the specific intent of causing injury and damages to NWSR'S

11  assets, its business reputation and its business opportunities and / or Fitzgerald believed that it was

12  substantially certain that NWSR would suffer damages to NWSR'S assets, its business reputation

13  and its business opportunities based on Fitzgerald's intentional misconduct.

14      80.    Fitzgerald's tortious and intentional misconduct resulted in willful and malicious

15  injuries to NWSR.

16      81.    Fitzgerald's conduct was despicable and subjected NWSR to cruel and unjust

17  hardship in conscious disregard of NWSR'S rights so as to justify an award of exemplary and

18  punitive damages.

19      82.    Fitzgerald's debt to NWSR is based on the willful and malicious injury suffered by

20  NWSR and caused by Fitzgerald, and therefore Fitzgerald's debt for both compensatory and

21  punitive damages  is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

22                    **SEVENTH CAUSE OF ACTION**

23       **(Declaratory Relief - Claims Asserted in Post-Petition SLO Action 1 and**

24        **SLO Action 2 Are Property of the Estate - 11 U.S.C. § 541)**

25      83.    Plaintiff NWSR repeats and realleges paragraphs 1 through 82 with the same force

26  and effect as if fully set forth herein.

27

28

0038613/037/ 441174v04

84.    In a case of actual controversy within its jurisdiction any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  28 U.S.C. §2201(a).

85.    An actual substantial controversy exists between NWSR and Fitzgerald of sufficient immediacy and reality for the issuance of declaratory relief.

86.    By filing the SLO Action 1 and the SLO Action 2 on August 28, 2009 based on events and causes of action which accrued (if at all) prior to the Petition Date, Fitzgerald asserts that he is the real party in interest, has standing to prosecute his claims in the SLO Action 1 and the SLO Action 2 and further asserts that his claims in the SLO Action 1 and SLO Action 2 are not property of his bankruptcy estate.

87.    NWSR asserts that, pursuant to 11 U.S.C. § 541(a), the claims asserted by Fitzgerald in the SLO Action 1 and SLO Action 2 are property of his bankruptcy estate which may only be administered by the chapter 7 trustee.  Accordingly, there is a specific need for the Court to declare whether Fitzgerald's claims in the SLO Action 1 and SLO Action 2 are property of his bankruptcy estate and whether Fitzgerald or the Chapter 7 Trustee has standing to assert those claims.

88.    NWSR further asserts that the claims asserted by Fitzgerald in the SLO Action 1 and SLO Action 2 were sold to the Trust by the trustee in a sale approved by this Court on September 23, 2009.

89.    It is necessary, proper and appropriate that this Court declare whether Fitzgerald's claims in the SLO Action 1 and the SLO Action 2 are property of his bankruptcy estate, whether those claims have already been sold by the trustee to the Trust and render a declaratory judgment setting forth those determinations.

\\
\\
\\
\\
\\

COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ninn Worx SR, Inc. demands judgment as follows:

1.      On its First Cause of Action, in an amount to be determined at trial, but believed to be in excess of $550,000, together with punitive damages and lawful interest thereon;

2.      On its Second Cause of Action, in an amount to be determined at trial, but believed to be in excess of $550,000, together with punitive damages and lawful interest thereon;

3.      On its Third Cause of Action, pursuant to Business and Professions Code §17203, a preliminary injunction during the pendency of this action, and a permanent injunction thereafter, enjoining and restraining Fitzgerald from making further public comment about the Film and NWSR, together with its shareholders, officers, directors and employees; pursuant to Business and Professions Code § 17206, that Fitzgerald be ordered to disgorge all money paid by NWSR to Fitzgerald related to the Film, and to be liable for a civil penalty of $2,500 for each violation of Business and Professions Code § 17200; and Fitzgerald be deemed liable for reasonable attorneys fees and costs;

4.      On its Fourth Cause of Action, in an amount to be determined at trial, but believed to be in excess of $300,000, together with punitive damages and lawful interest thereon;

5.      On its Fifth Cause of Action, for a judgment declaring that Fitzgerald's debt to NWSR is nondischargeable pursuant to 11 U.S.C. § 523(a)(4);

6.      On its Sixth Cause of Action, for a judgment declaring that Fitzgerald's debt to NWSR is nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

7.      On its Seventh Cause of Action, for a judgment declaring that

      a.    Fitzgerald's claims asserted in the SLO Action 1 were property of his bankruptcy estate as of the Petition Date pursuant to 11 U.S.C. § 541(a);

      b.    Fitzgerald's claims asserted in the SLO Action 1 were sold post-petition by the trustee to the Trust;

      c.    Fitzgerald's claims asserted in the SLO Action 2 were property of his bankruptcy estate as of the Petition Date pursuant to 11 U.S.C. § 541(a);

COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

1         d.  Fitzgerald's claims asserted in the SLO Action 2 were sold post-petition by the

2           trustee to the Trust;

3     8.     Plaintiff's costs and disbursements in this action; and

4     9.     Such other and further relief that the Court deems just and proper.

5

6  Dated: September 25, 2009             _/s/ Enid M. Colson_

                                       Peter E. Garrell, Esq.

7                                         Enid M. Colson, Esq.

                                       Attorneys for Plaintiff and Creditor

8                                         NINN WORX SR, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTY & 11 U.S.C. § 523(a), etc.

0038613/037/ 441174v04

FORM B104 (08/07)                                                                 2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**
NINN WORX SR, INC.

**DEFENDANTS**
FRANCES MICHAEL FITZGERALD

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Peter E. Garrell and Enid M. Colson
Liner Grode Stein Yankelevitz Sunshine Regenstreif , etc.
1100 Glendon Avenue, 14th Floor
Los Angeles CA 90024-3503
(310) 500-3500

**ATTORNEYS** (If Known)
Timothy C. Riley, Esquire
Elva C. Wallace, Esquire

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☒ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)
- ☒ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Breach of fiduciary duty, tortious interference, violations of Cal B & P Section 17200, Waste, 11 U.S.C. Section 523(a)(4) and (a)(6); declaratory relief.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☒ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61 -Dischargeability - §523(a)(5), domestic support
- ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- ☐ 71 -Injunctive relief - imposition of stay
- ☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01 -Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 550,000.00 |

American LegalNet, Inc.
www.FormsWorkflow.com

FORM B104 (08/07), page 2                                                                     2007 USBC, Central District of California

Other Relief Sought

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
| --- | --- |
| FRANCES MICHAEL FITZGERALD | 9:09-bk-12110-RR |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| --- | --- | --- |
| CENTRAL | NORTHERN | Robin L. Riblet |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| --- | --- | --- |
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| --- | --- | --- |
| | | |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

/s/  Enid M. Colson

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
| --- | --- |
| | Enid M. Colson |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com

<table>
<tr><td>Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>Peter E. Garrell (#155177)   and Enid M. Colson (#189912)<br>Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles CA 90024-3503<br>(310) 500-3500<br>(310) 500-3501<br>pgarrell@linerlaw.com; ecolson@linerlaw.com<br><i>Attorney for Plaintiff</i></td><td>FOR COURT USE ONLY</td></tr>
</table>

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>FRANCES MICHAEL FITZGERALD | CHAPTER 7<br><br>CASE NUMBER 9:09-bk-12110-RR |
| Debtor. | ADVERSARY NUMBER |
| NINN WORX SR., INC.<br><br>Plaintiff(s),<br><br>vs.<br><br>FRANCES MICHAEL FITZGERALD<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| | | | |
|---|---|---|---|
| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
| ☐ **255 East Temple Street, Los Angeles** | | ☐ **411 West Fourth Street, Santa Ana** | |
| ☐ **21041 Burbank Boulevard, Woodland Hills** | | ☒ **1415 State Street, Santa Barbara** | |
| ☐ **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
                              *Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                                                                 **F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com

Case 9:09-ap-01232-RR  Doc 1  Filed 09/25/09  Entered 09/25/09 17:16:51  Desc
Main Document     Page 22 of 23
Summons and Notice of Status Conference - *Page 2*

**F 7004-1**

| In re          (SHORT TITLE)<br>FRANCES MICHAEL FITZGERALD<br><br>                                    Debtor(s). | CASE NO.:<br>9:09-bk-12110-RR |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1100 Glendon Avenue, 14th Floor, Los Angeles, CA  90024

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

American LegalNet, Inc.
www.FormsWorkflow.com

Summons and Notice of Status Conference - *Page 3*

**F 7004-1**

| In re                          (SHORT TITLE) | CASE NO.: |
|---|---|
| FRANCES MICHAEL FITZGERALD | 9:09-bk-12110-RR |
| Debtor(s). | |

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com